CHARLES MATTHEWS AND OTHERS, RESPONDENTS *v.* EBENEZER ARNOLD, APPELLANT.

*Appeal to County Court on questions of law—how brought to a hearing—Code of Procedure, § 364.*

Where an appeal has been taken from a judgment of a justice's court involving questions of law only, and the case has been regularly noticed for argument and placed upon the calendar of the County Court the case will remain upon

the calendar at subsequent terms without any further notice by either party; but it cannot be brought on for argument at any subsequent term, except by motion, of which at least eight days' notice must be given.

*Townsend* v. *Keenan* (2 Hilton, 544) overruled.

APPEAL from an order of the County Court of Oswego county, opening a judgment taken by default on the ground of irregularity.

*Skinner & Wright*, for the appellant.

*W. & W. E. Gilbert*, for the respondents.

SMITH, J.:

This was an appeal by the defendant to the County Court from the judgment of a justice on questions of law only. The plaintiffs put it on the calendar of a term of the County Court held in July, 1877, and noticed it for argument. By consent of the parties, the court put it over the term. At the next term, held in August, neither party noticed it for argument or put it on the calendar; it was, however, put upon the calendar by the clerk of the court. It was called in its regular order on the calendar at that term, and the defendant not appearing, the plaintiffs moved it for argument, and judgment was taken by default, affirming the judgment of the justice. At the following November term the court, on motion of the defendant, made an order opening the default on the ground that it was taken irregularly, the appeal not having been noticed for argument at the term at which the default was taken.

The question involved in the appeal depends upon the construction to be given to a portion of section 364 of the Code of Procedure, which section is still in force. The part of the section which is material to the question is in these words: "If a return be made, and the appeal is from a judgment where a new trial may not be had, as provided by this chapter, it may be brought to a hearing at a General Term of the appellate court, upon motion by either party of not less than eight days. It shall be placed upon the calendar, and continue thereon without further notice until finally disposed of. But if neither party bring it to a hearing before the end of the second term, the court shall dismiss the

appeal, unless it continue the same by special order for cause shown." The question is whether, under these provisions, the default taken at the August term was regular, neither party having noticed the cause for argument at that term. We think it was irregular. The first sentence of the section prescribes the mode in which the appeal may be brought to a hearing, to wit: By a notice of argument of not less than eight days. This is exclusive of any other mode, and is mandatory. The counsel for the appellant argues that the next sentence dispenses with the necessity of a new motion for the second term. We think, however, the "notice" referred to is the notice to the clerk—the note of issue. The language is: "It shall be placed upon the calendar, and continue thereon without further notice"—what notice ? Evidently the notice which would be needed, but for the provision to place the cause on the calendar. The cause being once on the calendar, a fresh note of issue need not be served for each successive term. But the mandate contained in the first sentence is not affected by the second. The case of *Townsend* v. *Keenan* (2 Hilton, 544), decides the other way; but, in the opinion in that case, no reference is made to the language of the first sentence of the section, which seems to us controlling.

The order should be affirmed, with ten dollars costs and disbursements.

Present—TALCOTT, P. J., SMITH and HARDIN, JJ.

Order of County Court appealed from affirmed. with ten dollars costs and disbursements.